IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 1744 |
| | ) | |
| DANIEL STORM, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Before the court is defendant Daniel Storm's "Motion to Vacate, Set Aside or Correct a Sentence" pursuant to Federal Rule of Criminal Procedure 35(a). (Dkt. No. 1 ("Def.'s Mot.").) For the reasons set forth below, Storm's motion is denied.

BACKGROUND

On August 13, 1986, Daniel Storm ("Storm"), then going by the legal name of Daniel Slaughter, was convicted by a jury in case number 86 CR 0057 of conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846 (Count One), distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two), traveling in interstate commerce with intent to distribute cocaine in violation of 18 U.S.C. § 1952(a)(3) (Count Three), and use of a communication facility to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843(b) (Counts Four through Seven). (Dkt. No. 6-2, Gov't Ex. B ("Judgment and Probation/Commitment Order").)

1

Storm was sentenced on January 16, 1987. In relevant part, Storm's sentence included ten years of imprisonment on Count One, ten years of imprisonment on Count Two (to run concurrently with the sentence imposed on Count One), and five years of probation on Count Five (to run consecutively to the sentence imposed on Count One). (*Id.*) The sentence on Count Two also included a "special parole term of LIFE" with the conditions that "defendant is to refrain from distributing or possessing narcotics or firearms and refrain from all contact and association with any person known to possess narcotics, firearms, or known to be a convicted felon." (*Id.*) The sentence of probation on Count Five applied "the same special conditions as imposed on Count 2." (*Id.*) On January 30, 1989, after a remand from the United States Court of Appeals for the Seventh Circuit in *United States v. Rollins*, 862 F.2d 1282 (7th Cir. 1988), Storm's conditions of special parole were modified so that Storm was barred from contact with any convicted felon *except* his then-fiancee, and co-defendant, Kelly Rollins. (*See* Dkt. No. 6 ("Gov't Resp.") at 3.)

## LEGAL STANDARD

The version of Rule 35(a) applicable to Storm's motion "allows for the correction at any time of an illegal sentence imposed for offenses committed before [November 1, 1987]." *United States. v. Boyd*, 591 F.3d 953, 955 (7th Cir. 2010). The Seventh Circuit has held that although 28 U.S.C. § 2255 and Rule 35(a) overlap, a petitioner is entitled to have his or her motion treated as one under Rule 35(a) if it falls within the scope of the rule. *Id.* at 956-7. The government does not dispute that Storm's pending motion is properly construed as a Rule 35(a) motion. (Gov't Resp. at 1, n.1.)

Under Rule 35(a), the validity of the conviction is assumed. *United States v. Makres*, 741 F. Supp. 727, 733 (7th Cir. 1990). For motions made more than 120 days after the sentence becomes final, like Storm's, "the court's authority is limited to correcting sentences that are illegal even if there was no irregularity in the sentencing proceeding; the court may not 're-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.'" *Boyd*, 591 F.3d at 956 (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)). A sentence is illegal if it is "ambiguous, inconsistent with the defendant's conviction, or otherwise defective." *Id.* (quoting *United States v. Bennett*, 172 F.3d 952, 953 (7th Cir. 1999)).

## ANALYSIS

Storm assets that the sentence he received in 1987 is "invalid [and] contrary to Constitutional proscriptions and statutory provisions." (Def's Mot. at 1.) Specifically, Storm argues that (1) the term of probation he received on Count Five "has expired" and cannot now be enforced by the United States Probation Office in 2012, and (2) the special parole term he received on Count Two "was not authorized" because "the statutory provisions under the Comprehensive Crime Control Act, denied the imposition of a 'special parole term'" in 1987. (*Id.* at 2.) The court addresses each argument in turn.

1.   Term of Probation on Count Five

Storm's first argument is that the term of probation he received on Count Five "has expired" and cannot now be enforced by the United States Probation Office in 2012.

Although the allegations in Storm's Rule 35 motion are somewhat unclear, it appears that Storm began serving his ten-year sentence in 1987 and was later "paroled at the minimum eligibility date by the U.S. Parole Commission, in or about 1994." (Def.'s Mot. at 2.) Seven

years later, in 2003, Storm was convicted of additional crimes in the Eastern District of Wisconsin and was sentenced to 79 months of imprisonment. (*Id.*) Storm was then "released with good conduct credits in 2009" and, after presumably being subject to a period of supervised release, "is being discharged from the 2003 conviction in 2012." (*Id.*) Storm alleges that he "is being advised by the U.S. Probation Office, that he is now on 'probation' from the 1986 criminal matter." (*Id.*)

Storm does not appear to argue that has already served his five-year sentence of probation for Count Five, but instead appears to argue that the government missed its opportunity to enforce this sentencing term. In Storm's words, "the probation imposed in this matter, could not be intended to run consecutive to terms not yet contemplated or imposed." (*Id.*) In either event, Storm's complaint regarding Count Five appears to focus on a perceived error in the government's enforcement of his probation term, rather than the nature or content of the sentencing term itself. Because the relief afforded by Rule 35(a) is limited to correcting illegal sentences, Storm's argument misses the mark. The court finds no illegality in Storm's sentence of probation on Count Five that requires correction by this court.

As a practical matter, the court notes that the conditions of Storm's probation on Count Five are indistinguishable from the conditions of Storm's "special parole term of LIFE" on Count Two, perhaps explaining the U.S. Probation Office's assertion that Storm is still on "probation."

2. <u>Special Parole Term on Count Two</u>

Storm was charged in Count Two of the indictment with "knowingly and intentionally . . . distribut[ing] approximately 56 grams of a mixture containing cocaine" in violation of 21

U.S.C. § 841(a)(1). (Dkt. No. 6-1, Gov't Ex. A ("Indictment").) The penalties for violating 21 U.S.C. § 841(a) are based on the amount of cocaine involved in the offense, as set forth in 21 U.S.C. § 841(b).

At the time of Storm's offense in 1986, a "peculiar situation" existed in the penalty scheme for federal drug offenses,[1] whereby "small-time offenders were subject to special parole, while big-time offenders were not." *Gozlon-Peretz v. United States*, 498 U.S. 395, 400 (1991). In short, special parole was an available penalty under 21 U.S.C. § 841(b)(1)(B) for drug crimes involving less than one kilogram of cocaine, but special parole was not an available penalty under 21 U.S.C. § 841(b)(1)(A) for drug crimes involving one kilogram or more of cocaine. *Id.*[2]

Storm argues that because his conviction under 21 U.S.C. § 841(a) involved "large quantities of cocaine, exceeding a kilogram," the special parole term on Count Two "was not authorized" under 21 U.S.C. § 841(b)(1)(A). (Def.'s Mot. at 2.) The government argues in response that Storm was actually sentenced under 21 U.S.C. § 841(b)(1)(B), and his special parole term was therefore lawfully imposed. (Gov't Resp. at 6-7.)

---

[1] In the Controlled Substances Penalties Act of 1984, Congress amended the Controlled Substances Act by eliminating special parole for offenses involving large quantities of narcotic substances, under 21 U.S.C. § 841(b)(1)(A), while preserving special parole for drug offenses involving lesser amounts of narcotic substances, under 21 U.S.C. § 841(b)(1)(B). *Gozlon-Peretz*, 498 U.S. at 399-400. This "peculiar situation" was partially remedied by the Sentencing Reform Act of 1984, which eliminated *all* references to special parole and established conditions for supervised release; however, the Sentencing Reform Act did not become effective until November 1, 1987. *Id.* at 400.

[2] The Seventh Circuit had also interpreted the imposition of a minimum special parole term in 21 U.S.C. § 841(b)(1)(A) (requiring "a special parole term of at least 3 years") as impliedly authorizing "a lifetime maximum parole term." *See United States v. Bridges*, 760 F.2d 151, 153 (7th Cir. 1985). This reading of 21 U.S.C. § 841(b)(1)(A) applies equally to 21 U.S.C. § 841(b)(1)(B)'s minimum special parole terms.

The written judgment and oral sentence pronounced in this case do not expressly state whether Storm was sentenced under 21 U.S.C. § 841(b)(1)(A) or 21 U.S.C. § 841(b)(1)(B). (*See* Judgment and Probation/Commitment Order; *see also* Dkt. No. 6-3, Gov't Ex. C ("Sentencing Tr.").) The court therefore turns to the language of the indictment to determine the specific statute under which Storm was sentenced.[3]

As noted above, Storm was charged in Count Two of the indictment with "knowingly and intentionally . . . distribut[ing] approximately 56 grams of a mixture containing cocaine" in violation of 21 U.S.C. § 841(a)(1). (Indictment, Count Two.) Storm was also charged in Count One of the indictment with conspiring to distribute "approximately 56 grams of a mixture containing cocaine" and "attempt[ing] to arrange the distribution of approximately one-half kilogram of cocaine" to confidential informant Eddie Wells ("Wells"), in violation of 21 U.S.C. § 846. (*Id.*, Count One ¶¶ 5-6.) No other counts in the indictment specify any particular drug amounts. The charges in the indictment therefore suggest that Storm was convicted of drug activity involving less than one kilogram of cocaine, and that he was appropriately sentenced under the provisions of 21 U.S.C. § 841(b)(1)(B).

In his reply brief, Storm asks the court to consider the evidence introduced at trial for purposes of determining the drug amount for which he was actually convicted and sentenced, suggesting that the charges of the indictment were constructively amended. A constructive

---

[3] The government also cites page two of Storm's pre-sentence report, asserting that "the maximum penalties for count two [listed in the report]. . . are the same maximum penalties found in § 841(b)(1)(B) at the time of Storm's offense." (Gov't Resp. at 6.) The court declines to consider the pre-sentence report's contents, however, because the government has not attached a copy of this document to its response brief and the court does not have a copy of this report readily available.

amendment "occurs where the permissible bases for conviction are broadened beyond those presented to the grand jury." *United States v. Blanchard*, 542 F.3d 1133, 1143 (7th Cir. 2008). The concern regarding constructive indictments is that the government not be permitted to establish "offenses different from or in addition to those charged by the grand jury." *United States v. Natour*, __ F.3d __, No. 11-2577, 2012 WL 5457513, at *4 (7th Cir. Nov. 9, 2012) (citations and emphasis omitted). The focus of Storm's Rule 35(a) motion, however, is on Storm's sentence, not his conviction. Storm's argument on this point is therefore irrelevant to the court's analysis. In other words, even if the court were to accept Storm's argument that the jury intended to convict Storm of drug offenses involving one kilogram or more of cocaine, this does not suggest that Storm was *sentenced* to offenses beyond those set forth in the indictment. Storm has cited no evidence that this court considered Storm to have been convicted of an offense involving one kilogram or more of cocaine at the time of his sentencing, and the court has no reason to believe it strayed from the allegations of the indictment during the sentencing proceedings.

The court further rejects Storm's argument that the "rule of lenity" applies in this case. "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514 (2008). This rule applies with equal force to both "the substantive ambit of criminal prohibitions" and "the penalties they impose." *Bifulco v. United States*, 447 U.S. 381, 387, 400 (1980). As Storm notes, the purpose of this "venerable rule" is to "vindicate[ ] the fundamental principal that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed." (Def.'s Reply at 9 (quoting *Santos*, 553 U.S. at 514

(without attribution).) There is nothing ambiguous about the statute under which Storm was convicted and punished. Because the penalties for distributing less than one kilogram of cocaine are clear, there is no statutory ambiguity for the court to resolve. Accordingly, the rule of lenity does not apply.

Finally, the fact that Storm was sentenced to a term of special parole is, itself, evidence that Storm was sentenced under 21 U.S.C. § 841(b)(1)(B). Storm specifically challenged the constitutionality of his special parole term on appeal before the Seventh Circuit. *See Rollins*, 862 F.2d at 1299. If the penalty provisions for Storm's offense did not authorize imposition of a term of special parole at the time of his sentencing, the court would expect that Storm's counsel would have raised this issue on appeal.

For all of these reasons, the court finds that Storm has failed to identify any illegality in his sentence of special parole on Count Two requiring correction by this court under Rule 35(a).

## CONCLUSION

Because the applicable version of Federal Rule of Criminal Procedure 35(a) only permits the court to correct an "illegal" sentence, and because the court finds that defendant Daniel Storm's January 16, 1987 sentence on Count Two is consistent with the penalty provisions set forth in 21 U.S.C. § 841(b)(1)(B) for violations of 21 U.S.C. § 841(a)(1), Storm's "Motion to Vacate, Set Aside or Correct a Sentence" (Dkt. No. 1) is denied.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: November 30, 2012